[Crim. No. 19.  Second Appellate District.—February 27, 1906.]

THE PEOPLE, Respondent, v. ANSON BROWN, Appellant.

CRIMINAL LAW—MURDER—INSTRUCTION—EVIDENCE.—In a prosecution for murder, the refusal of the court, at the request of the defendant, to instruct the jury as to its duty in the event it should determine that the death resulted from an accidental fall, or as to the evidence required to justify a verdict of manslaughter, is not error, when there is nothing in the record rendering such instructions applicable.

ID.—INSTRUCTION TO ACQUIT UNLESS SATISFIED OF GUILT OF MURDER—REFUSAL TO INSTRUCT AS TO MANSLAUGHTER.—In such a prosecution, where the court fully instructs the jury as to what constitutes murder both in the first and second degree, and directs it to acquit the defendant altogether unless it found him guilty of one of such offenses, the refusal to instruct as to what evidence would justify a verdict of manslaughter is without prejudice to the defendant, as it will be presumed that unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt of the higher offenses, they will perform their duty and acquit, even though they be satisfied that he is guilty of the lesser offense.

EVIDENCE—REFRESHING MEMORY—USE OF MEMORANDUM.—Under section 2047 of the Code of Civil Procedure, a witness may refresh his memory from a memorandum written under his direction at a time when the facts were fresh in his memory, and he knew that the same were correctly stated in the writing. And the rule is the same where the witness has a copy of the original in his hands, which he has compared, and swears that the same is an exact copy of the original memorandum.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.  N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

H. S. Utley, and E. E. Capps, for Appellant.

U. S. Webb, Attorney General, and J. C. Daly, Deputy Attorney General, for Respondent.

ALLEN, J.—Defendant was convicted of murder in the second degree, and from the judgment and an order denying him a new trial he appeals.

The court upon the trial charged the jury fully as to what constituted the crime of murder, both in the first and second degree, and directed the jury that unless it found the defendant guilty of one of such offenses to acquit him altogether. The defendant contends that the trial court erred in refusing to give certain other instructions tendered by defendant pertinent to the issue. The first of these instructions related to the duty of the jury, in the event it should determine that death resulted from an accidental fall; the second related to the evidence required to justify a verdict of manslaughter. There is nothing in the record rendering either of these charges so tendered applicable, and were the contrary true as to the second charge, nevertheless appellant could not be heard to complain. The natural presumption is that, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt of the higher offenses, they will perform their duty and acquit, even though they be satisfied that he is guilty of a lesser offense. (*People* v. *Lopez*, 135 Cal. 25, [66 Pac. 965]; *People* v. *Clark*, 145 Cal. 730, [79 Pac. 434].)

There was no error in permitting a witness to refresh his memory from a memorandum written under his direction at a time when the facts were fresh in his memory and he knew that the same were correctly stated in the writing. (Code Civ. Proc., sec. 2047; *Paige* v. *Carter*, 64 Cal. 490, [2 Pac. 260].) And the rule is not different where the witness has a copy of the original in his hands, which he has compared, and swears that the same is an exact copy of the original memorandum.

We find no error in the record, and the judgment and order appealed from are affirmed.

Gray, P. J., concurred.

Smith, J., concurred in the judgment.