[Civ. No. 2387. Second Appellate District.—October 4, 1917.]

## WILLIAM E. BEECHAM, Respondent, v. C. Y. BURNS, City Clerk of the City of Venice, Appellant.

RECALL OF CITY TRUSTEE—SUFFICIENCY OF PETITION.—Names of signers may not be withdrawn after filing of petition.

ID.—LOST ELECTION RETURNS — SECONDARY EVIDENCE — REFRESHING MEMORY OF WITNESS FROM NEWSPAPER CLIPPING.—In an action to compel a city-clerk to certify to the sufficiency of a "recall" petition, the returns which would have shown the number of votes cast at the next preceding city election had been lost. It was held not error to permit the city clerk's predecessor to refresh his memory from a newspaper "clipping" of the results printed from a memorandum which he had made at the time and furnished to the newspaper.

APPEAL — ALTERNATIVE METHOD — EFFECT OF FAILURE TO PRINT IN BRIEFS PORTIONS OF THE RECORDS RELIED ON.—In this case the record consisted of a typewritten "Clerk's Transcript on Appeal," and a typewritten "Reporter's Transcript on Appeal," prepared as prescribed by section 953a of the Code of Civil Procedure. The court, although it examines and decides the questions presented by the briefs, and affirms the judgment, has no doubt that it might have based its affirmance on the sole ground of the failure of the appellant to print in the briefs the portions of the record desired to be called to the attention of the court as required by section 953c of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Fredericks & Hanna, and Charles W. Lyon, for Appellant.

Roy A. Linn, Muhleman & Crump, and William M. Humphreys, for Respondent.

CONREY, P. J.—The record on appeal in this case consists of a typewritten "Clerk's Transcript on Appeal" and a typewritten "Reporter's Transcript on Appeal" prepared in the manner prescribed by section 953a of the Code of Civil Procedure. Upon such a record it is required that the parties "print in their briefs, or in a supplement appended thereto,

such portions of the record as they desire to call to the attention of the court." (Code Civ. Proc., sec. 953c.)

The brief for appellant opens with the statement that this is an action to compel appellant, as city clerk of the city of Venice, to certify to the sufficiency of a certain petition for the recall of J. J. Lewis, one of the city trustees of the city of Venice. Appellant has not printed in or with his brief any part of the judgment-roll, but has given us a statement in the language of his counsel narrating facts which he says were found by the court. No part of the alleged findings has been printed, except copies of three documents which, according to the brief, the court found had been filed with the board of trustees of the city by the city clerk, all relating to the proposed recall of trustee Lewis. So, also, referring to some portions of the testimony received at the trial, the brief of appellant informs us that certain facts were "shown," or that a certain witness testified so and so, without setting out a copy of that portion of the transcript containing such testimony. Therefore (although some testimony is properly set forth), it may well be doubted whether appellant has directed our attention to the record in any manner of which we are required to take notice, to an extent which would enable us to apply to the case the principles of law upon which he relies. Probably the appeal is from a judgment rendered in the action, or from some part of such judgment, although the brief does not in terms say so; neither does it contain any copy of the record of the judgment or any reference thereto or any statement or copy showing the terms of any notice of appeal.

In *McKinnell* v. *Hansen, ante,* p. 76, [167 Pac. 887], the writer of this opinion said: "Counsel for appellants have not printed in their brief or in any supplement appended thereto any portion of the judgment-roll, nor have they printed therein a sufficient portion of the evidence to enable the court to determine the merits of the objections urged in their argument. . . . We are not left in a position where we are able to assume that the quotations in the brief are complete as to the points argued, or to say that the record does not contain the evidence necessary to sustain the findings of fact." The judgment was affirmed, and the decision was, as to the point above stated, approved by the supreme court on denial of petition for rehearing. In the same case in this court, Justice James said: "Neither by the statute nor rule of court is a party excused

from printing in his brief such portions of the 'record,' which includes both the clerk's and the reporter's transcripts, as he may desire to call to the attention of the appellate court.''

While we do not doubt that a judgment herein might be based upon the foregoing grounds alone, we shall pass over these objections so far as to state briefly other reasons why the judgment should be affirmed.

It is argued that the judgment of the lower court in this action should be reversed, (1) because the court erred in permitting the introduction of incompetent testimony for the purpose of establishing the number of votes cast at the general municipal election held in the city of Venice in April, 1914, and because there is therefore no legal evidence upon which to base a finding of the number of votes cast at that election; (2) upon the ground that the electors signing a recall petition have the right to withdraw their names from such petition after it has been filed with the clerk and at any time until action has been taken thereon.

It is admitted by counsel for appellant that it was shown at the trial that Lewis was elected city trustee at the election of April, 1914, for a term of four years; that it was shown that the election returns for that election could not be found and had not been seen since the time of the city election held in April, 1916; that it was shown that none of the tally sheets in the hands of any election officer could be produced; that the witness Charles S. Thatcher testified that he was city clerk of the city of Venice at and after the April election of 1914, and that he was present when the board of trustees canvassed the votes cast at the April election of 1914. As these are admissions against the interest of appellant, they are, of course, not a part of the record upon which he relies. But when he tells us that said Thatcher testified that the only action taken by the board of trustees was the adoption of a resolution in words and figures as set forth in the brief, and does not give us any copy of the testimony of the witness, he fails to properly present the evidence upon which he relies. If, again, we pass over this objection and assume that, as set forth in the resolution, the canvassing board merely declared the result of the election and did not make any record of the exact number of votes received by the several candidates, we will be brought to the question whether the court erred in permitting certain testimony as secondary evidence whereby to establish

the facts which the court is said to have found, viz., that the entire vote cast in the city of Venice for all candidates for the office which the incumbent occupies, at the last preceding general municipal election of that city at which such officer was voted for, was 2,053 votes, and that the number of names necessary to require the calling of a recall election was 514.

By reading that portion of the testimony of Charles S. Thatcher which is set forth in appellant's brief and by reading in connection therewith the much more complete evidence set forth in the brief for respondent, we find that in the election of April, 1914, there came into the hands of the witness as city clerk "copies of the results" of the votes cast in the several precincts, such copies being signed by the members of the election boards, as required by section 1261 of the Political Code; that from these so-called "unofficial returns" the witness compiled and made in writing a memorandum showing the results of the election; that the witness gave the same data to a reporter of a newspaper; that a statement covering the same subject matter was printed in that newspaper on the following day; that the witness compared the printed statement with his written statement and found that the two tabulations were in agreement; that thereupon he destroyed his own memorandum and kept the newspaper statement in the form of a clipping from the paper. The witness further testified that at the time of the canvass of the vote by the canvassing board he, as city clerk, read off to the board from the official returns of the several precincts the number of votes that each person received in each precinct; that thereupon the board passed the resolution declaring the names of the persons elected; that he made a comparison between the returns as read off from the official returns and the memorandum which he had prepared and found that there was no difference between them.

Upon the facts thus shown, including the fact of the loss of the official returns, the court permitted the witness to refresh his memory from the newspaper clipping and then to state to the court the number of votes received by the several candidates for the office of city trustee at said election. This is the alleged error. The point presented is not that secondary evidence of the contents of the lost election returns was not admissible; the objection urged is that the evidence received did not constitute such secondary evidence. It is true that the

witness testified merely to the number of votes received by each candidate for the office of city trustee at such election in all the precincts of the city, and did not give the figures for the several precincts separately. Thereby the testimony as given depended upon additions made by the witness, instead of the several items out of which the additions were made. The rule invoked is that the conclusion of the witness is not admissible in evidence, but that he must state the facts from which such conclusion might arise. We think that substantially the evidence was the best that could be produced under the circumstances, and at least it is clear that no prejudicial error was committed. The memorandum showing the votes by precincts was there in the hands of the witness, and the accuracy of his figures as stated in his testimony could have been tested by cross-examination. The fact that the memorandum was a printed copy of the original memorandum which the witness had made raises no legal obstacle to the reception of the testimony. In *People* v. *Brown,* 3 Cal. App. 178, [84 Pac. 670], the court, after stating that a witness may refresh his memory from a memorandum written under his direction at the time when the facts were fresh in his memory and he knew the same were correctly stated in the writing, further said that "the rule is not different where the witness has a copy of the original in his hands, which he has compared, and swears that the same is an exact copy of the original memorandum." In *Commonwealth* v. *Ford,* 130 Mass. 64, [39 Am. Rep. 426], where the witness had made a written memorandum of certain facts, which memorandum had been destroyed after it was printed in a newspaper, it was held that the witness might use the printed report for the purpose of refreshing his recollection. The court said: "In order to refresh the recollection of a witness, it is not important that the paper, book, or memorandum should have been written or printed by the witness himself, or that it should be an original writing. It is sufficient if he saw it while the facts stated therein were fresh in his memory, and he knows that they are correctly transcribed or printed. Upon inspecting it, he can state the facts if thereby called to his recollection." (See note, in which other cases are collated, in Ann. Cas. 1913B, at p. 582.)

The remaining question in this case is based upon the claim that certain signers of the recall petition requested the clerk to withdraw their names therefrom after the petition was filed

with the clerk and before that officer had certified the result of his examination as required by the statute. The statute referred to is found in Statutes, Extra Session, 1911, page 128. (1915 ed. Deering's Gen. Laws, p. 1219.) In *Laam* v. *McLaren,* 28 Cal. App. 632, [153 Pac. 985], this statute was under consideration, and it was decided that the signers of a recall petition may not withdraw their names therefrom after the petition has been certified to the board by the clerk as sufficient, notwithstanding that the attempted withdrawal preceded formal action on the petition by the board. To the same effect is the decision in *Locher* v. *Walsh,* 17 Cal. App. 727, [121 Pac. 712]. In neither one of those cases, nor in any decision to which we have been referred, have the courts of this state ruled upon the question of the right of the petitioner to withdraw his name after the petition has been filed and before the clerk has certified its sufficiency. In *Locher* v. *Walsh* the statute under consideration, while not the identical statute before us in the present case, was identical therewith as to the provisions here under consideration. The court pointed out that the statute made no provision for the withdrawal of names from the petition, and observed that the statute in its provisions prescribing the clerk's duty to "examine and from the records of registration ascertain whether or not said petition is signed by the requisite number of qualified voters," seems to deal with the petition filed with the clerk and not a petition after names have been withdrawn therefrom. The statute now before us contains the same words last above quoted, and requires that the clerk attach to said petition his certificate showing the result of said examination. It is then provided that "if by the clerk's certificate the petition is shown to be insufficient, it may be supplemented within ten days from the date of such certificate, by the filing of additional papers, duplicates of the original petition except as to the names signed. The clerk shall, within ten days after such supplementary papers are filed, make like examination of the supplementing petition, and if his certificate shall show that all the names to such petition, including the supplemental papers, are still insufficient, no action shall be taken thereon; *but the petition shall remain on file as a public record.*" The clerk is not clothed with authority to alter the petition when it has been filed; he is not authorized to receive extraneous evidence of its contents, or to base his certificate upon statements made

to him by electors who have signed it.   His certificate must show the result of an examination whereby "from the records of registration" he shall ascertain whether or not "said petition" is signed by the requisite number of qualified voters.   In our opinion, the signers of such petitions may not withdraw their names or have their names withdrawn by the clerk at any time after the petition has been filed.   Applying this ruling to the facts as appellant claims that they were in this case, the original and supplemental petitions contained an aggregate number of names of qualified electors exceeding in number the required 514.

The judgment is affirmed.

James, J., and Shaw, J., concurred.