[Civ. No. 2259. First Appellate District.—November 14, 1917.]

E. HUFFAKER, Appellant, v. JOHN L. McVEY et al., Respondents.

APPEAL—ALTERNATIVE METHOD—TYPEWRITTEN TRANSCRIPTS—REVIEW.—While the alternative method of appeal permits parties to file typewritten transcripts in lieu of printed judgment-rolls and bills of exceptions, such permission casts no burden upon the appellate courts to examine the typewritten documents in deciding the appeal.

ID.—DISMISSAL OF ACTION—FAILURE TO FILE BOND REQUIRED BY LIBEL AND SLANDER ACT—NATURE OF ACTION—DEFECTIVE RECORD.—Upon an appeal from a judgment of dismissal of an action after refusal of the plaintiff to file a bond as required by the provisions of the libel and slander act (Stats. 1871-72, p. 533), where the appellant contends that the amended complaint was not one for either libel or slander, it is the duty of appellant to print in his brief the whole of the complaint and not mere fragments thereof, in order to enable the appellate court to determine its character.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Donahue, Judge.

The facts are stated in the opinion of the court.

Rodolph Hatfield, and E. Huffaker, for Appellant.

John L. McVey, Harry C. Morison, and W. C. Metzger, for Respondents.

LENNON, P. J.—This appeal is from a judgment of dismissal of an action after refusal of the plaintiff and appellant to file a bond as required by the provisions of the libel and slander act.

The case, as presented in appellant's briefs, does not contain sufficient printed extracts from the record to enable this court to determine the character of either the first or the amended complaint. "While the alternative method of appeal permits parties to file typewritten transcripts in lieu of printed judgment-rolls and bills of exceptions, such permission casts no burden upon the appellate courts to examine the typewritten documents in deciding the appeal." (*California Sav. & Com. Bank* v. *Canne,* 34 Cal. App. 768, [169 Pac. 295] ; *Beecham* v. *Burns,* 34 Cal. App. 754, [168 Pac. 1058].) To warrant an opinion on the nature of the complaints in this case it is necessary that the whole of the complaints be set forth, and mere fragments are not sufficient.

However, a cursory examination of the typewritten transcript discloses the following facts: The original complaint, while not a model pleading, is an attempt to set forth an action for libel and slander. The lower court so construed it and ordered the plaintiff to file the statutory bond. (Stats. 1871–72, p. 533.) Plaintiff failed to file a bond within the time allowed by the court, but the day after the order plaintiff filed an amended complaint, and two days later filed a motion to vacate the order on the ground that plaintiff had the right under the law to amend his complaint to set forth the nature and purpose of his action, and that the complaint was not one for either libel or slander. On the hearing of the motion an order and judgment was made dismissing the action on the ground that plaintiff had not filed the requisite bond.

In our opinion the original complaint states an action for libel and slander, and the amended complaint, while it perhaps states an action for malicious prosecution, certainly alleges facts sufficient to constitute an action for libel and

slander. It was therefore incumbent upon the plaintiff to file the bond as ordered.

The contention that the court erred in denying plaintiff the right to file an amended complaint is not supported by the record. The record shows that an amended complaint was filed, and it nowhere appears from the record that the court made any order striking such amended complaint from the files. The only reference to such amended complaint is found in the order dismissing the action after the failure of the plaintiff to file a bond. That order does not strike the amended complaint from the files, although the effect of the order was to render such amended complaint ineffectual for any purpose.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1918.