[Crim. No. 3412.   Second Dist., Div. Two.—May 5, 1941.]

THE PEOPLE, Respondent, v. SANTIAGO AMAYA, Appellant.

Ben Van Tress for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

McCOMB, J.—Appellant was convicted after trial by jury of murder in the second degree and sentenced to the state penitentiary at San Quentin for the term prescribed by law. This appeal is from the judgment and from the order denying his motion for a new trial.

Viewing the evidence most favorably to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

About 9 o'clock in the evening of April 26, 1940, Mariano Carillo was observed standing at the front of a billiard parlor in the city of Los Angeles. Shortly thereafter appellant entered the billiard parlor, walked to a rack of cues, took one down, placed some chalk on the end of it and when next observed he was standing within two feet of Mr. Carillo, who was falling to the floor. At this time appellant was holding a part of the broken cue about ten inches long in his hand and the balance of the cue was lying about a foot from the figure of Mr. Carillo. As a result of the blow Mr. Carillo died.

Appellant relies for reversal of the judgment on these propositions:

*First:* The evidence is insufficient to sustain the verdict and judgment.

*Second:* It was prejudicial error to receive in evidence appellant's confession to police officers.

*Third:* The trial court committed prejudicial error in admitting the testimony of Mike Rangel and Gloria Castillo.

*Fourth:* The district attorney was guilty of misconduct in making the statement, *"I do believe he did state at the time that the defendant was striking his mother"*, after the trial judge had sustained an objection to the question, *"What was the occasion of your cutting your stepfather?"*

■ As to appellant's first contention, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the verdict of guilty was predicated. For example, the undisputed evidence disclosed that appellant walked into the billiard parlor, selected a billiard cue, and was next observed with a portion of the broken cue in his hand, while deceased was falling to the floor, and that deceased died from a fractured skull. Also, after being arrested, appellant in a statement to the police officers admitted that he had hit deceased with the heavy end of a billiard cue. Further discussion of the evidence is unnecessary.

■ Appellant's second proposition is also without merit. Deputy Sheriff Morrell, who spoke Spanish as well as English, questioned appellant, after his arrest, partly in English and partly in Spanish. The questions and answers as interpreted by Deputy Sheriff Morrell were reduced to writing by a stenographic reporter. Thereafter at the time of the trial Mr. Morrell used, for the purpose of refreshing his recollection as to his conversation with appellant, the transcribed notes of the reporter. This procedure was proper. Mr. Morrell stated when questioned by the district attorney that it was necessary for him to use the memorandum for the purpose of refreshing his recollection. This was sufficient foundation, together with the showing as to the method of preparation of the notes to permit Mr. Morrell to use the memorandum in testifying as to the statements made by appellant in his presence. ■ The law is established that one who is present at a conversation and has heard the same and knows the facts may use any writing whether made by him-

self or another to refresh his memory when subsequently testifying (Code Civ. Proc., sec. 2047; *Beecham* v. *Burns*, 34 Cal. App. 754, 758 [168 Pac. 1058]; *People* v. *Lee Fat*, 54 Cal. 527, 531; see, also, 27 Cal. Jur. (1926) 88, secs. 68 and 69; vol. 7, No. 5, February, 1941, p. 315, Current Legal Thought).

■ Appellant's third proposition is likewise untenable. Appellant in his statement to Officer Morrell claimed that he had come home on one occasion and found deceased in bed with his wife. In an attempt to prove the falsity of such statement the people produced two witnesses, Mike Rangel, a stepson of appellant, and Gloria Castillo, a stepdaughter of appellant, who testified that on the occasion mentioned when appellant came home neither deceased nor any other man was in bed with their mother. Such testimony was properly received in evidence, it being the established law of this state that evidence may be introduced to show that a defendant has made false statements for the purpose of misleading or warding off suspicion and that such false statements, though not conclusive of guilt, may strengthen inferences of guilt arising from other facts. (*People* v. *Miller*, 19 Cal. App. (2d) 708, 710 [66 Pac. (2d) 448].)

■ Appellant's final proposition is also without merit. It may be conceded that it was improper for the district attorney to make in the presence of the jury the remark which is here urged as error; however, it is evident that such remark did not result in prejudice to the defendant, and, in view of the mandate of section 4½ of article VI of the Constitution of the State of California, such error must be disregarded by us. ■ Nor is there any merit in the contention that it was misconduct for the district attorney in his argument to comment upon the failure of defendant to take the witness stand and testify in his own defense. (See Article I, sec. 13 of the Constitution of the State of California.)

For the foregoing reasons the judgment and order are and each is affirmed.

Wood, J., concurred.