[Civ. No. 40583. Second Dist., Div. Five. Oct. 17, 1972.]

MEMORIAL HOSPITAL OF SOUTHERN CALIFORNIA et al.,
Plaintiffs and Appellants, v.
STATE HEALTH PLANNING COUNCIL et al.,
Defendants and Respondents;
LOS ANGELES NEW HOSPITAL et al.,
Real Parties in Interest and Respondents.

## Counsel

Musick, Peeler & Garrett, Ronald G. Trayner, Christopher A. Carr and Bruce A. Bevan, Jr., for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco and Melvin R. Segal, Deputy Attorneys General, for Defendants and Respondents.

John D. Maharg, County Counsel (Los Angeles) and Norman J. Gilbert, Chief Assistant County Counsel, as Amici Curiae on behalf of Defendants and Respondents.

Ralph R. Frank, Ball, Hunt, Hart, Brown & Baerwitz, Joseph A. Ball and Cy H. Lemaire for Real Parties in Interest and Respondents.

Kaplan, Livingston, Goodwin, Berkowitz & Selvin and Herman F. Selvin as Amici Curiae on behalf of Defendants and Respondents and Real Parties in Interest and Respondents.

## Opinion

AISO, J.—Plaintiffs[1] appeal from a judgment (order) of dismissal (Code Civ. Proc., § 581, subd. 3) entered upon an order sustaining without leave to amend general demurrers interposed by defendants, State Health Planning Council and Robert L. Jackson, its executive secretary, and the real parties in interest[2] to plaintiffs' petition seeking a writ of mandate to compel defendant State Health Planning Council to poll its members pursuant to Health and Safety Code section 438.3, paragraph 3, relative to a petition for a hearing assertedly pending before it in which plaintiffs are beneficially interested.

The real parties in interest have also moved in this court to dismiss the foregoing appeal because of plaintiffs' failure to post a five million dollar bond pursuant to an order of the superior court (made on April 18, 1972) (exhibit B to motion) granting the "motion of real parties in interest to require undertaking to stay execution of judgment."

In course of oral argument counsel for the real parties in interest indicated a greater interest in a determination of the merits of the appeal than the motion to dismiss the appeal; accordingly we first consider the issues raised by the appeal.

[1]These are: Memorial Hospital of Southern California, a California corporation; Midway Hospital, a California non-profit corporation; Century City Hospital, a California corporation; and Westside Hospital, a California corporation.

[2]Los Angeles New Hospital, a limited partnership; Beverly Crest Convalescent Hospital, Inc., a California corporation; Beverly Crest Convalescent Hospital, a California limited partnership; Dr. Harry A. Zide; Dr. Jack Moshein; and Dr. Irving Cohen.

*The Facts*

■■ ■ ■ We set forth the facts as reflected by the allegations of the petition,[3] from matters of which we may take judicial notice,[4] and admissions of fact found in the written arguments of the real parties in interest in support of their demurrer.[5]

A planning system to coordinate capital expenditures, operating funds, and manpower utilization in connection with health facilities for the purpose of promoting the best interests of the community was set up pursuant to the provisions of Statutes of 1969, chapter 1451, which amended or promulgated sections 437 through 438.5 of the Health and Safety Code. (See Introduction, 17 Cal. Admin. Code, §§ 40500-40532.)

Plaintiffs are four hospitals having duly accredited acute facilities and doing business in the area of Los Angeles affected by the application (L.A. 280) filed by the real party in interest, Los Angeles New Hospital, for a conversion of the hospital in question from a convalescent to an acute facility.

Defendant State Health Planning Council (hereafter "SHPC" as denominated by the parties herein although the statutes refer to it as the Health Planning Council) is the body charged with providing comprehensive health facilities planning in the state. (Health & Saf. Code, § 437.) It is the highest administrative agency which may review the decisions or lack of decisions of subordinate health planning agencies with reference to applications such as that of the Los Angeles New Hospital in the instant case. Defendant Robert L. Jackson is the executive secretary of the SHPC appointed pursuant to section 437.4[6] of the Health and Safety Code.

---

[3]For the purpose of testing the validity of a demurrer upon appeal all material facts well pleaded are assumed to be true. (See, e.g., *Stigall* v. *City of Taft* (1962) 58 Cal.2d 565, 567-568 [27 Cal.Rptr. 441, 375 P.2d 289]; *Hauger* v. *Gates* (1954) 42 Cal.2d 752, 755 [269 P.2d 609].)

[4]We have reference only to statutes, regulations, and decisional law relevant to this case.

[5]See, e.g., *Zumbrun* v. *University of Southern California* (1972) 25 Cal.App.3d 1, 7 [101 Cal.Rptr. 499]. The memorandum of points and authorities in support of their general demurrer submitted by the real parties in interest includes an admission: "[Plaintiffs] did submit both oral and written statements at the original hearing."

[6]Health and Safety Code section 437.4 provides in relevant part: "The [SHPC] may appoint an executive secretary who may appoint persons to such staff positions as the council may authorize. The affirmative votes of a majority of the voting members of the council shall be necessary to the appointment or removal of the executive secretary."

The Southern California Comprehensive Health Planning Council (hereafter SCCOMP) was at all times pertinent to this appeal[7] the area health planning agency immediately subordinate to the SHPC. One of the duties of the SCCOMP was to pass upon the application filed by Los Angeles New Hospital.[8] (Health & Saf. Code, § 437.7, subd. (e).) The SCCOMP on September 8, 1971, approved in its entirety the application of Los Angeles New Hospital.

The SHPC received on October 13, 1971, "a Notice of Appeal and Petition for Hearing," together with supporting documents, postmarked October 8, 1971, initiated "by what appeared to be more than one-third of the Board of Directors of the Southern California Comprehensive Health Planning Council," appealing the foregoing decision of September 8, 1971, bearing 18 signatures "of supposedly voting members of the Board of Directors" of SCCOMP. On October 20, 1971, the acting administrator of SCCOMP advised SHPC that only 13 of the 18 persons who had signed the petition for a hearing were in fact voting board members of SCCOMP. Subsequent to the filing of the petition for hearing on October 8, 1971, 5 of the 13 voting members of the board of directors of SCCOMP, who had signed the notice of appeal and petition for hearing requested that their names be removed from the petition for hearing.[9] The SHPC apparently acting through its executive secretary[10] complied

---

[7]In the memorandum of the Attorney General addressed to defendant Jackson dated November 11, 1971, attached as an exhibit to the petition, we find: "On October 20, 1971, the State Health Planning Council, in public meeting, received and accepted testimony from the Southern California Comprehensive Health Planning Council of their intention to dissolve the present non-profit corporation by December 31, 1971, as well as to withdraw their 1972 grant application. Therefore, come January 1, 1972, there no longer will exist that agency which in this case supposedly more than one-third of the Board of Directors is the appellant [in the administrative appeal to SHPC]."

[8]Actually in this case the first hearing on July 15, 1971, took place before the Central and Coast Area Health Facilities and Services Review Committee, the voluntary *local* health planning agency, which denied the application. A second hearing was held on August 30, 1971, before the Los Angeles County Comprehensive Health Planning Board, the voluntary *area* health planning agency covering Los Angeles County, which approved the application and recommended an issuance of an acute hospital license. The hearing on September 8, 1971, before SCCOMP was the third hearing. We need not concern ourselves in this appeal with what transpired at any of the three hearings prior to the approval of the application by SCCOMP except for the fact that plaintiffs presented both oral and written statements in the original hearing and appeared in the second and third hearings, which fact is relevant to plaintiffs' standing to maintain the instant mandamus proceeding.

[9]We construe the notice of appeal and petition for hearing to be one document. The petition for a hearing is the notice of appeal. (17 Cal. Admin. Code, § 40526; see fn. 12, *infra.*)

[10]The letter from defendant Robert L. Jackson, executive secretary, addressed to the president of the Southern California Comprehensive Health Planning Council,

with the requests of the five directors and notified them in writing of this compliance. At the time the petition for hearing was filed, there were only 34 voting members on the Board of Directors of SCCOMP, which was authorized to have 39 such members on its board of directors. Following receipt of an Attorney General's opinion, dated November 11, 1971, opining, inter alia, that the petition for hearing remained valid "only so long as more than one-third of the directors of the appealing board continue to support the request for a hearing," defendant Jackson, executive secretary of SHPC, on November 15, 1971, withdrew and "closed" the appeal and declared the original decision of SCCOMP to be the final decision in the case.

Plaintiffs are objectors to the application of Los Angeles New Hospital, who appeared at all hearings to contest said application and who submitted both oral and written statements at the original hearing. (Fn. 5, *supra.*)

Upon the theory that the "withdrawal" of the petition for hearing filed with SHPC and closing of the appeal were invalid acts, plaintiffs demanded that defendants poll the voting members of SHPC pursuant to the third paragraph of section 438.3 of the Health and Safety Code.[11]

---

dated November 15, 1971, attached as an exhibit to the petition states: "This office complied with their requests and removed the persons named above from the Petition and so notified them in writing."

[11]Health and Safety Code section 438.3 reads: "An applicant may petition the Health Planning Council for a hearing on the decision on appeal. A petition for hearing shall be made within 30 days of the appealed decision.

"*The required number of members of the board of directors may petition the Health Planning Council for a hearing on the decision of the voluntary area health planning agency* or the decision or lack of decision of the consumer members of a voluntary area health planning agency acting as an appeals body. *A petition for hearing shall be made within 30 days of the decision of the voluntary area health planning agency* or the decision or lack of decision of the consumer members of a voluntary health planning agency acting as an appeals body.

"*The Health Planning Council shall grant a hearing if at least one-third of the voting members of the council certify in writing that they agree to a hearing.* Such certification shall be made within 60 days of the receipt of the petition for hearing.

"If the required number of voting members agree to a hearing, the council shall reach a decision within 90 days of the date of agreement. At least one hearing shall be held on the appeal, but it may be heard by a committee of the council composed of at least three voting members, a majority of whom shall be consumers. The final decision on the appeal shall be made by the full council." (Italics added.)

Health and Safety Code section 438.1 provides in part: "The decision or lack of decision of a voluntary area health planning agency or the decision or lack of decision of the consumer members of a voluntary area health planning agency acting as an appeals body may be appealed by the *applicant* or *by more than one-third of the members of the board of directors of the voluntary area health planning agency.* The appeal by the members of the board shall be made directly to the Health Planning Council." (Italics added.)

Defendants refused to perform the legal duty imposed upon them by statute, whereupon plaintiffs sought a writ of mandate in the superior court directing defendants to perform the poll requested.

Defendants interposed a general demurrer alleging that the petition failed to state a cause of action against them. The real parties in interest demurred on the grounds that plaintiffs had "no beneficial interest in the litigation" and that defendant SHPC had neither the ability nor the legal authority to discharge the duty alleged by plaintiffs.

The trial court in sustaining the general demurrers without leave to amend found that "as a matter of law: 1. The [plaintiffs] have no standing to compel the Health Planning Council to poll its members to make a determination as to whether or not a hearing will be held as provided for in Health and Safety Code Section 438.3; and, 2. The procedures provided for in Health and Safety Code Section 438.3 are discretionary and are not subject to mandate." The judgment (order) of dismissal followed.

## Discussion of Issues on Appeal

Although there are documents and memoranda in the record which seek to invoke equitable considerations against the grant of the writ of mandate and which are reiterated in the briefs, we are faced only with a review limited to ascertaining whether the demurrers were properly sustained without leave to amend.

### A. No Effective Withdrawal of Petition for Hearing.

The trial court did not specifically rule that there was no petition for hearing by SHPC pending before that agency and the grounds upon which it based its ruling on the demurrers are not necessarily inconsistent with the pendency of an appeal (petition for a hearing). However, we consider this question because the respondents (defendants and real parties in interest) have raised it on appeal. ■ "As to general demurrers, 'the demurrant is not limited to the reasons and arguments he advanced below, but is entitled to present to the appellate court any and all reasons whereunder the demurrer is properly sustainable.' (2 Chadbourn, Grossman and Van Alstyne, Cal. Practice (1961) § 1402, p. 528; *Meier* v. *Hayes* (1937) 20 Cal.App.2d 451, 453 [67 P.2d 120].)" (*Zumbrun* v. *University of Southern California, supra,* 25 Cal.App.3d 1, 8-9.)

Plaintiffs allege, inter alia, that "Pursuant to H & S Code § 438.3, a timely Notice of Appeal and Petition for Hearing was filed, together with

supporting documents, by more than one-third of the members of the Board of Directors of SCCOMP." In absence of any special demurrer to this allegation, it appears that an appeal to the SHPC from the September 8, 1971, decision of SCCOMP was perfected on October 8, 1971. (Health & Saf. Code, §§ 438.1 and 438.3; 17 Cal. Admin. Code, § 40526.)[12]

■ Defendants and the real parties in interest contend that the request for withdrawal of their signatures to the petition for hearing by 5 of the 13 qualified signatories had the effect of invalidating the petition for a hearing (notice of appeal) even though the request was made after the period for filing a petition for hearing had expired. The petition in this case was filed on the last day available for filing the petition (notice of appeal). Counsel have cited no authorities dealing with this precise issue and our research to date has failed to turn up any directly in point. However, reason and considerations of public policy force us to disagree with the contention advanced by respondents (defendants and real parties in interest).

■ As a general rule in judicial proceedings an appellant may voluntarily dismiss an appeal at any time by filing an appropriate abandonment. (See Cal. Rules of Court, rule 38.) However, it has been held that a dismissal of an appeal is not a matter of right if the dismissal will adversely affect the rights of a co-appellant. (*DeGarmo* v. *Goldman* (1942) 19 Cal.2d 755, 768-769 [123 P.2d 1].) It has also been held that one who files a notice of appeal on behalf of himself and another defendant may not abandon or dismiss his appeal where the time for his co-appellant to file his independent notice of appeal has expired. (*Board of County Com.* v. *Smith* (1915) 47 Okla. 184, 194 [148 P. 111, 115].) It has also been held in other jurisdictions that "A voluntary dismissal or with-

---

[12]Section 40526 reads: "Petition for Appeal to Health Planning Council. (a) An appeal may be initiated within 30 days of the announcement of the decision or the lack of a decision of the planning agency or of a designated consumer appeals body by a written petition for a hearing sent by registered or certified mail to the Executive Secretary of the Health Planning Council. Copies of the petition shall be sent to the applicant, area planning agency, local planning agency, and the consumer appeals body, as appropriate.

(1) Such petition for a hearing should include the following:
(A) Designation of the proceeding being appealed
(B) A brief statement of grounds for appeal
(C) A written transcript of the appealed hearing or action
(D) Exhibits, written arguments and other evidence presented at the appealed hearing or action, if requested
(E) A statement as to the nature and basis for any additional evidence to be submitted
(F) Payment of a filing fee, if required, for the petition and the estimated cost of any transcript requested by the appellant and reproduction of documents."

drawal will ordinarily not be permitted where the public is interested."
(5 C.J.S., Appeal & Error, § 1350, p. 399, citing *Russell* v. *Crook County
Court* (1915) 75 Ore. 168 [145 P. 653, 146 P. 806] (appellant in appellate court) and *In re Petition of Justice of the Peace Assn. of Ind.*
(1958) 237 Ind. 436, 442-443 [147 N.E.2d 16, 19] (petitioner filing
original petition in Supreme Court); cf. also Cal. Administrative Agency
Practice (Cont.Ed.Bar 1970) § 3.64, pp. 188-189.)

■ In the case *sub judice*, the 13 qualified directors acting collectively constitute the appellant and once jurisdiction has vested in the
appellate tribunal, only the appellant can withdraw or abandon his appeal. Five of the 13 do not constitute the appellant. The situation might
have been different if all 13 of the signatories had made the request, but
we need not determine that issue in this case, nor do we decide here
whether a group of 13 constituted partially or entirely of qualified directors who did not sign the petition would have the right of withdrawal. If
only 5 of the 13 could invalidate the petition after the closing date why
not only 2? (⅓ of 34 is 11⅓.) Should such a minority be permitted
to thwart the will of the majority signing the petition after the time for
appeal has expired and thus prevent the majority from obtaining other
signatories prior to the closing date?[13] In a sense, is not the interest of
the majority of the signatories in seeing the issue settled by an appellate
administrative agency forfeited if the minority, as in the case *sub judice*,
is permitted to invalidate the pending appeal? Definitely, the interest of
the remaining eight, who petitioned for an appeal, would be affected if the
five could vitiate the appeal by their post-filing request to remove their
signatures.

The instant case represents a situation where in effect the lower administrative tribunal is given the right to effect an appeal and have an appellate
agency review its decision. This is somewhat analogous to an appellate
department of a superior court certifying a cause to the Court of Appeal.
(Cal. Rules of Court, rule 63(a).) In our opinion, the Legislature has
in these instances set up appeal procedures, which may be initiated by
a lower tribunal or agency as well as by a party to the litigation, because
of the public's interest involved. Consequently, in absence of a controlling
statute, regulation, and decisional precedent, we hold that the five could

---

[13]As to the importance of the fact that the petition for a hearing had been filed
prior to the attempt of the five signatories to withdraw their names, compare: Elections Code section 45.5 and *Beecham* v. *Burns* (1917) 34 Cal.App. 754, 760 [168 P.
1058].

not withdraw their signatures to petition for hearing under the facts and circumstances of this case.

Furthermore, the withdrawal of the names of the five and the "closing" of the appeal was not a ministerial act. A fair interpretation of the record would indicate that the defendant executive secretary rather than SHPC performed these acts. We find nothing in the statutory provisions which empowers the executive secretary to perform acts not of a ministerial nature. (Cf. Cal. Administrative Agency Practice (Cont.Ed.Bar 1970) § 2.104, p. 138.) Upon receipt of the petition for a hearing, it was incumbent upon the SHPC to review the petition for hearing and supporting documents and to decide whether a hearing should be granted. (17 Cal. Admin. Code, § 40528;[14] Health & Saf. Code, § 438.3.)

## B. *Writ of Mandate Available.*

█ Although an appellate court may not interfere with a lower tribunal's exercise of a statutory discretion granted to it unless it is abused, a writ of mandate may issue directed to the lower tribunal commanding it to assume jurisdiction and to exercise its discretion if it erroneously refuses to act under a mistaken view that it does not have jurisdiction to act in the matter (see, e.g., *Thurmond* v. *Superior Court* (1967) 66 Cal.2d 836 [59 Cal.Rptr. 273, 427 P.2d 985]; *Erlich* v. *Superior Court* (1965) 63 Cal.2d 551, 556 [47 Cal.Rptr. 473, 407 P.2d 649]; *Newman* v. *Superior Court* (1967) 67 Cal.2d 620 [63 Cal.Rptr. 284, 432 P.2d 972]; see Cal. Civil Writs (Cont.Ed.Bar 1970) § 10.69, pp. 261-262), which is the situation here presented. The writ should run against the administrative agency and not its individual members or staff personnel in this case since it is the administrative agency's action which is sought.

## C. *Plaintiffs are Beneficially Interested.*

█ The final question posed is whether plaintiffs have standing to bring this proceeding in mandamus. This depends upon whether they

---

[14]This section reads: "40528. Council Procedures. (a) On receipt of the petition for a hearing, the Health Planning Council shall review the petition for hearing and the supporting documents listed under Section 40526, and a copy of notice of appeal required by Section 40524 [notice of appeal to a voluntary area health planning council].

"(b) The Health Planning Council may certify that a hearing should be granted. Such certification shall be determined by written agreement by at least one-third of the members. A copy of the certification shall be sent to the petitioner and the concerned agencies by registered or certified mail within 60 days following the receipt of the petition."

are parties "beneficially interested" (Code Civ. Proc., § 1086). It is settled law in California that if a person is permitted by statute to appear and take part in an administrative hearing, he is sufficiently beneficially interested to seek a writ of mandate to review the administrative decision or disposition. (See, e.g., *Temescal Water Co.* v. *Dept. Public Works* (1955) 44 Cal.2d 90, 106 [280 P.2d 1]; *Covert* v. *State Board of Equalization* (1946) 29 Cal.2d 125, 130 [173 P.2d 545]; *Bodinson Mfg. Co.* v. *California E. Com.* (1941) 17 Cal.2d 321, 330 [109 P.2d 935]; *Beverly Hills Fed. S. & L. Assn.* v. *Superior Court* (1968) 259 Cal.App. 2d 306, 316-317, fn. 7 [66 Cal.Rptr. 183]; see Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § § 4.2 and 4.3, pp. 27-28.) Plaintiffs were given the right by statute and administrative regulations[15] to take part in the

---

[15]Health and Safety Code section 437.7 enjoins the area health planning agency, inter alia, that it "(d) Shall conduct public meetings in which members of the health professions and consumers will be encouraged to participate."

17 California Administrative Code section 40516 reads in part here pertinent: "Administrative Procedures for Voluntary Area Health Planning Agencies. (a) In accordance with Section 437.7, subdivision (f) of the Health and Safety Code, 'Individual proposal reviews shall be in accordance with administrative procedures established by the Health Planning Council, which shall include, but need not be limited to:

" '(1) A public hearing.' . . .

" '(4) Right to present oral and written evidence and confront and cross-examine opposing witnesses.'

"*All persons so requesting* shall be permitted to present written statements and, within the reasonable discretion of the hearing body, may present oral statements. . . .

" '(6) Written findings of fact and recommendations to be delivered to applicant and filed with the State Department of Public Health as a public record.'

"*All interested parties* shall be entitled to prompt notice of and full access to the findings, recommendations, and decisions of hearing bodies and planning agencies. . . .

"(b) The specific language of Section 437.7, subdivision (f), Health and Safety Code, implies the necessity for additional procedures:

" . . . . . . . . . . . . . .

"(3) Subsequent to the filing of the findings of fact and recommendations, *any person who presented an oral or written statement at the hearing* may present to the planning agency written objections to such findings and recommendations." (Italics added.)

17 California Administrative Code section 40524 reads in part here material:

"Notice of Appeal. (a) An appeal may be initiated within 30 days of the announcement of the decision of the *planning agency,* by a written notice of appeal sent by registered or certified mail to the Voluntary Area Health Planning Council which shall be responsible for forwarding the appeal to the designated appeals body. [Note that this section does not refer to appeals to the SHPC which are covered by section 40526, *supra.*]

" . . . . . . . . . . . . .

"(g) *A party in interest* may request notice of an appeal and such notice shall be given by the Voluntary Health Planning Agency.

administrative proceedings below and did appear and participate by presenting both oral and written evidence at the original hearing. Consequently, plaintiffs are persons beneficially interested within the meaning of section 1086 of the Code of Civil Procedure and have standing to maintain the instant proceedings.

### D. *Leave to Amend Petition.*

■ It is true that the plaintiffs' allegation that plaintiffs "were objectors to the application and appeared at all hearings to contest said application" does not specifically state that they submitted both oral and written statements at the original hearing, but the real parties in interest have admitted this to be a fact. It was, therefore, an abuse of discretion to sustain the demurrers to an original petition without leave to amend. (See, e.g., *Temescal Water Co.* v. *Dept. of Public Works, supra,* 44 Cal. 2d 90, 107.)

### *Motion to Dismiss Appeal*

Although the question whether the superior court could properly order the posting of a five million dollar appeal bond where the judgment does not itself command an affirmative act upon the part of the plaintiffs seeking an appeal is an intriguing one, we deem it unnecessary to resolve this question in view of our disposition of the appeal.

### *Disposition*

The judgment of dismissal is affirmed as to defendant Robert L. Jackson, Executive Secretary of the State Health Planning Council; it is reversed as to defendant State Health Planning Council and the real parties in interest (Los Angeles New Hospital, a limited partnership; Beverly Crest Convalescent Hospital, Inc., a California corporation; Beverly Crest Convalescent Hospital, a California limited partnership; Dr. Harry A. Zide; Dr. Jack Moshein; and Dr. Irving Cohen) and the cause is remanded to the superior court with directions to overrule the general demurrers of the defendant State Health Planning Council and the real parties in interest, and thereafter take further appropriate proceedings in conformity

---

"(h) *Parties in interest* on an appeal who may be represented by Counsel are:
    (1) The applicant
    (2) The Voluntary Area or Local Health Planning Agency
    (3) *Any party who submitted an oral or written statement at the original hearing*
    (4) Representatives of local government." (Italics added.)

with the views set forth in the foregoing opinion. The motion to dismiss the appeal is denied. Each party shall bear its or his own respective costs on appeal.

Stephens, Acting P. J., and Cole, J.,* concurred.

A petition for a rehearing was denied November 10, 1972, and the petitions of all the respondents for a hearing by the Supreme Court were denied December 13, 1972.

*Assigned by the Chairman of the Judicial Council.