**EAST TENNESSEE HEALTH IMPROVEMENT COUNCIL, INC., Plaintiff-Appellant,**

v.

**TENNESSEE HEALTH FACILITIES COMMISSION and Park West Hospital, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

Sept. 18, 1981.

Permission to Appeal Denied by Supreme Court Dec. 14, 1981.

Edward L. Summers, Haynes, Meek, Jones & Summers, Knoxville, for plaintiff-appellant.

William M. Leech, Jr., Atty. Gen., Frank J. Scanlon, Senior Asst. Atty. Gen., Nashville, for defendant-appellee Tennessee Health Facilities Commission.

Ames Davis, Waller, Lansden, Dortch & Davis, Nashville, for defendant-appellee Park West Hospital.

OPINION

LEWIS, Judge.

Plaintiff East Tennessee Health Improvement Council, Inc. has appealed from the dismissal of its "PETITION FOR JUDICIAL REVIEW" of the decision of defendant Tennessee Health Facilities Commission (Commission).

Plaintiff, a private non-profit corporation, is an "areawide health planning agency" within the meaning of T.C.A. § 53-5403(a).

As the designated area-wide health planning agency for Tennessee Health Services Area II which includes Knox County, plaintiff is charged with the responsibility for (1) reviewing applications made by health care institutions for certificates of need relative to increasing the amount of institutional health services in Health Service Area II, (2) conducting public hearings on applications for certificates of need and, (3) making a recommendation for denial or approval of such certificate of need to the Commission. T.C.A. § 53-5412. The Commission is charged with the responsibility of issuing or denying certificates of need on the basis of the merits of applications within the context of local, regional and State health needs in accordance with the provisions of the Tennessee Health Facilities Act of 1973, T.C.A. § 53-5409(1).

Defendant Park West Hospital (Park West) is a "health care institution" as that term is defined in T.C.A. § 53-5403(e).

The pertinent facts are as follows: Park West submitted an application to the Commission for a certificate of need for the addition of one hundred hospital beds to its existing licensed capacity of two hundred and twenty-five beds.

After a review, investigation and public hearing, plaintiff recommended to the Commission that the certificate of need be de-

nied and further recommended that Park West had not shown that a need existed for additional beds in the area, that there were other existing facilities with available hospital beds to serve patients in the area, and that existing facilities could be adversely affected by the grant of additional beds to Park West.

Subsequently, the Commission, by a vote of 10–0, accepted plaintiff's recommendation that the certificate of need be denied. Park West, pursuant to T.C.A. § 53–5415, petitioned the Commission for a public hearing.

A public hearing was held by the Commission and, after the hearing, a motion to deny the certificate of need failed to carry by a vote of 3–5. A motion was then made to grant the certificate, which passed by a vote of 6–2.

Subsequently, plaintiff filed a petition for judicial review in the Chancery Court for Davidson County under the provisions of the Uniform Administrative Procedures Act, T.C.A. § 4–5–117.

Park West then filed its motion to dismiss plaintiff's petition for judicial review on the ground that plaintiff lacked standing to seek a judicial review of orders of the Commission.

Thereafter the Chancellor ruled that a health system agency, such as plaintiff, is an "aggrieved person," under the Uniform Administrative Procedures Act, and may seek judicial review of a decision of the Commission.

On November 12, 1980, a hearing was had before the Chancellor upon briefs and arguments of the parties after which the Chancellor held that the "Findings of Fact and Conclusions of Law" of the Commission were insufficient to support its granting of the certificate of need, reversed the order of the Commission, and remanded with instructions to the Commission to reconsider the record and "promulgate a decision containing findings of fact, reasons for its decision, and conclusions of law in accordance with the requirements of T.C.A. § 4–5–113.

Subsequently Park West filed a motion seeking to have the Chancellor amend his Memorandum and Order and dismiss plaintiff's suit. To its motion, it attached a copy of the Opinion of this Court in *Georgia-Tennessee Regional Health Commission v. Tennessee Health Facilities Commission and Parkridge Hospital* (hereafter referred to as *Parkridge*), (Court of Appeals, Middle Section at Nashville, filed January 6, 1981). Filed on that same date and in which the same issues were decided as in *Parkridge* was *Georgia-Tennessee Regional Health Commission v. Tennessee Health Facilities Commission and Diagnostic Hospital* (hereafter referred to as *Diagnostic*) (Court of Appeals, Middle Section at Nashville, filed January 6, 1981).

In both *Parkridge* and *Diagnostic*, Judge Todd, speaking for the Court, held that a health system agency such as plaintiff is not a "person aggrieved" within the meaning of T.C.A. § 4–5–117 of the Uniform Administrative Procedures Act.

Thereafter, the Chancellor reversed his earlier decision and entered an order dismissing plaintiff's complaint on the basis that it was not a "person aggrieved" within the meaning of T.C.A. § 4–5–117 and therefore lacked standing to maintain the instant suit.

The issue presented by plaintiff by this appeal is whether or not plaintiff is an "aggrieved person" within the meaning of T.C.A. § 4–5–117 so that it has standing to seek judicial review of the decision of the Commission.

The issue raised by plaintiff on this appeal has been decided by this Court adversely to plaintiff's position in both *Parkridge, supra,* and *Diagnostic, supra.* This, plaintiff concedes. However, plaintiff would have this Court overrule its decision in both *Parkridge* and *Diagnostic.*

It is almost as important that the law should be certain as that it should be sound. The rule of *stare decisis* is one of commanding importance, giving, as it does, firmness and stability to principles of law evidenced by judicial decisions, and so enabling the people to safely judge of their legal rights. Differentiations,

distinctions, limitations, and advances must from time to time be made, it is true, in order to keep the law in harmony with the common sense, common conscience, and the common sense of justice of each succeeding age which it serves; but these should be so gradual that the new truly grows out of the old, as the product of a changing environment, being but the adaptation of old principles to new facts, and thus causing little, if any, shock to existing rights. Radical changes should be made by legislation only. Sometimes the duty of overruling a former decision is imperative, but the power should be sparingly exercised.

*Fargason v. Ball*, 128 Tenn. 137, 141–42, 159 S.W. 221, 222 (1913).

We find no compelling reason for abandoning the position taken in the well-reasoned opinions in *Parkridge* and *Diagnostic.*

The same issues and arguments in support of those issues were raised in *Parkridge* as are put forward here. *Parkridge* succinctly disposes of those arguments as follows:

> In 1973, the Tennessee General Assembly enacted Chapter 257, Public Acts of 1973 (T.C.A. §§ 53–5401 et seq.) which created the Tennessee Health Facilities Commission (one of the appellants) with authority to regulate the increase or decrease in bed capacity of health care institutions. Said act required the Commission to submit to the appropriate regional planning agency (such as plaintiff) each application for permission to increase or decrease beds in a health facility, to receive and to consider the recommendation of such regional agency before making a final decision on the application. After the Commission has made a preliminary decision, the statute authorizes the applicant or the regional agency to request reconsideration in a full due process rehearing before the Commission.

> In 1974, the United States Congress enacted the National Health Planning and Resources Development Act of 1974 (42 U.S.C.A. §§ 3300K–300T) which established the National Council on Health Planning and Development. The same statute provides for each state a State Health Planning and Development Agency, federally funded. The same statute provides a State Health Coordinating Council, federally funded. The same statute requires the Secretary of Health, Education and Welfare to divide the nation into health service areas and to designate and support with federal funds in each area a regional health systems agency (such as plaintiff) with duties of investigating and making recommendations in relation to applications for permission to increase or decrease health facilities within its area.

> Thus it is that plaintiff, a corporation chartered under the laws of Tennessee, and operating under state and federal laws, is designated and federally funded to investigate and report to the Tennessee Commission on health facility applications within an area located partly in Tennessee and partly in Georgia.

> In the present instance, the Hospital applied to the State Commission, the application was referred to the State Development Agency and the regional agency (plaintiff). The State agency recommended approval. The regional agency (plaintiff) recommended disapproval. The State Commission first denied approval, but, on request of the Hospital, granted reconsideration and public hearing after which approval was granted. The present suit was filed by plaintiff to overturn the decision of the Commission.

It is fundamental to orderly adjudicative process that an agency which is subordinate in the adjudicative process may not prosecute an effort to judicially reverse the decision of a superior adjudicative agency in order to cause its own opinion to prevail over that of its superior. *Mortensen v. Pyramid Savings and Loan Association,* 53 Wis.2d 81, 191 N.W.2d 730 (1971). *Kostman v. Pine Lawn Bank and Trust Co.,* 540 S.W.2d 72, 80 (Mo.1976). *Kansas City v. Reed,* 546 S.W.2d 727, 732 (Mo.1977). *McTaggart v. Public Service Commission* [168 Mont. 155], 541 P.2d 778, 780 (Mont.1975). *Min-*

*nesota State Board of Health v. Governor's Certificate of Need Appeal Board,* 230 N.W.2d 176, 180 (Minn.1975). *Iowa Dept. of Revenue v. Iowa St. Bd. of Tax Review,* 267 N.W.2d 675 (Iowa 1978).

None of the above cited authorities involved a subordinate agency identical in nature with plaintiff herein which is a "recommendatory agency" rather than an adjudicative agency. However, the principle announced above is applicable herein because of the official character of the plaintiff as evidenced by its federal financing and with its position in the decision-making process as evidenced by the statute requiring referral of applications to plaintiff and consideration of plaintiff's recommendations.

By application of the principles announced in the above authorities, plaintiff should not be granted standing to force its recommendations upon an unwilling regulatory commission.

As noted above, there were two "recommendatory agencies," plaintiff and the state agency, who made conflicting recommendations to their superior, the State Commission. If plaintiff is granted standing to pursue in courts its own views which were rejected by the Commission, then the state agency should likewise be allowed to support in court its views which were accepted by the Commission. This would result in a ridiculous battle in the courts between two subordinate agencies as to what their superior agency should be ordered to do by the courts.

The unreasonableness of granting standing to plaintiff [is] illustrated by supposing a case in which a Clerk and Master whose report to the Chancellor is refused by the Chancellor appeals to this Court to reverse the Chancellor and reinstate the Master's report. An equally ridiculous situation would be the spectacle of a Chancellor prosecuting a permissive appeal to the Supreme Court after this Court had reversed a decree of the Chancellor.

By statute, plaintiff is an agency subordinate to the appellant Commission in the administrative program regarding health facilities in this State. As such, its interests are merged into those of the Commission and it can have no standing to take a position before the Courts contrary to the position of its superior. Plaintiff has no business posing as an impartial advisor to its superior and, at the same time, posing as an adversary. Either it is impartial and has no partisan interest in this suit, or it is partial and has no business participating in the decision-making process.

As such subordinate agency, plaintiff is not an "aggrieved person" within the meaning of § 4–5–117 T.C.A. which provides for judicial review of administrative decisions.

Plaintiff points to Rule 0720–2–.06 of the Rules of the Commission which allows regional agencies to make *administrative* appeal to the Commission by petition to the Commission for a hearing. This regulation of the Commission concerning procedure before the Commission is not interpreted as authorization for a subordinate agency to seek to overturn a decision of the Commission in the courts.

Plaintiff relies on 42 U.S.C. § 300n–1(b) as follows:

Each Health System's Agency and State Agency shall include in the procedures required by Subsection (a) at least the following:

(12) the following procedural requirements with respect to proceedings under a Certificate of Need program: (E) Any person adversely affected by a final decision of a State Agency with respect to a Certificate of Need, or an Application for an Exemption under § 1527 (b) *and a Health System's Agency, if the decision respecting the Certificate of Need is inconsistent with a recommendation made by the Agency to the State Agency with respect to the Certificate of Need may, within a reasonable period of time after such decision is made (and any Administrative Review of it completed), obtain Judicial Review of it in an appropriate State*

*Court.* (Public Law 96–79 § 116[d] [1][b][3]. October 4, 1979) [Emphasis in original.]

It is not shown that the Commission has included in its procedures the matter quoted above from (E) of the federal statute, and the federal law does not appear to be self executing. Moreover, it is extremely doubtful that an administrative agency has the authority to create a legal right of standing in the courts.

The Chancellor was of the opinion that the position of plaintiff in the process of adjudication was that of investigator and recommendor, rather than adjudicator, and that plaintiff might therefore appeal to the courts as an "aggrieved person." This Court respectfully disagrees with the Chancellor. The plaintiff's interest is merely the satisfaction of having its views prevail over that of the State Commission. Absent a specific statutory authority, plaintiff has no standing to appeal to the courts for reversal.

For the reasons stated, this Court does not consider that plaintiff has standing as an "aggrieved person" to seek judicial review of the decision of the Commission. This ruling is dispositive of the present appeal. The decree of the Chancellor will be reversed.

*Id.* at pp. 4–9.

We have considered each argument made in plaintiff's excellent brief but are not persuaded that the sound reasoning in *Parkridge* and *Diagnostic* should be overturned. We have also considered plaintiff's reliance on *Memorial Hospital of Southern California v. State Health Planning Council,* 28 Cal.App.3d 167, 104 Cal.Rptr. 492 (1972), but find it inapposite to the facts under consideration here.

We adhere to the opinions in *Parkridge* and *Diagnostic* and affirm the judgment of the Chancellor in holding that plaintiff is not an "aggrieved person" within the meaning of T.C.A. § 4–5–117.

Costs are assessed to plaintiff and the cause is remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

CANTRELL and CONNER, JJ., concur.