# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 16, 2023 Session

## CHRISTINA K. COLLINS v. TENNESSEE DEPARTMENT OF HEALTH ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 204630-2       Richard B. Armstrong, Jr., Chancellor**

_____

### No. E2022-01501-COA-R3-CV

_____

In the Chancery Court for Knox County ("the Trial Court"), Christina K. Collins sought judicial review of a disciplinary order entered against her by the Tennessee Board of Nursing ("the Board"). Finding that Ms. Collins's petition for judicial review was untimely, the Trial Court determined that it lacked subject matter jurisdiction over the matter and dismissed her petition. Ms. Collins has appealed the Trial Court's order of dismissal. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Eric C. Vinsant, Birmingham, Alabama, for the appellant, Christina K. Collins.

Jonathan Skrmetti, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Sara Sedgwick, Senior Assistant Attorney General; and Reed Smith, Assistant Attorney General, for the appellee, Tennessee Department of Health, Division of Health Related Boards and Tennessee Board of Nursing.

## OPINION

## Background

In 2016, the Tennessee Department of Health ("the Department") initiated a disciplinary action against Ms. Collins, a registered nurse ("RN") and an advanced practice registered nurse ("APRN"), for over-prescribing controlled substances in her treatment of eleven patients from 2011 through 2012. A panel of the Board, being "authorized to discipline licensed nurses for violations of its nursing rules," adjudicated the matter with the assistance of an administrative law judge ("ALJ"). *Tenn. Dep't of Health v. Collins*, No. M2019-01306-COA-R3-CV, 2020 WL 6940702, at *1 (Tenn. Ct. App. Nov. 25, 2020).

As described in this Court's previous opinion addressing Ms. Collins's first appeal ("*Collins I*"), the Department alleged that:

> Ms. Collins "use[d] an APRN license and DEA registration to essentially act as a wholesaler to drug dealers, abusers, and addicts." The State claimed that Ms. Collins violated provisions of the Board's rules and regulations by overprescribing controlled substances, narcotics, and other medications in amounts and/or for durations not medically necessary, advisable, or justified for a diagnosed condition and without appropriate record-keeping or documentation of the medical rationale for her prescribing habits.

*Id.* Although the Board found that Ms. Collins was guilty of violating Tennessee's nursing rules, one member conducted her own research, observed that her findings had "changed her mind," and shared her findings with the other panel members during the panel's deliberations. *Id.* As a result, in an order entered in 2018 ("2018 Order"), the Board imposed a more lenient sanction than that sought by the Department. *Id.*

As detailed in *Collins I*,

> After the panel members completed their review, the Board ruled that it could not "[f]ind by a preponderance of the evidence that [Ms. Collins's] prescribing to the Patients fell below the standard of care of an ordinary and prudent [APRN] practicing in the area of pain management in 2011 and 2012." It did find that Ms. Collins's "documentation fell below what this Board believes is called for by the Rules of the Board of Nursing, particularly in light of the complexity of the treatments provided to the Patients." The final order required two years of probation plus civil penalties, costs, and additional education.

*Id.* at *4. Both Ms. Collins and the Department filed petitions for judicial review of the Board's decision to the Davidson County Chancery Court ("Davidson County Court"). The Department challenged the Board's use of extrinsic materials during its deliberations.

At that stage of the proceedings, Ms. Collins claimed that the Department lacked standing to challenge the Board's decision and did not constitute an aggrieved party under Tenn. Code Ann. § 4-5-322(a)(2). Tenn. Code Ann. § 4-5-322(a) (West May 18, 2021 to current) provides:

> (1) A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
>
> (2) A state agency is considered to be an aggrieved person for the purpose of judicial review when the order is <u>from a board, commission or other entity independent of the aggrieved agency</u>. In such instances, judicial review under this chapter is permitted upon the request of the agency head and the approval of the attorney general and reporter.

(Emphasis added.) The Davidson County Court rejected Ms. Collins's argument, concluding:

> It is settled law that the State Petitioners have standing to bring this action under Tenn. Code Ann. § 4-5-322(a)(2). The Division [of Health Related Boards] and the Department are sufficiently independent of the Board and sufficiently aggrieved within the meaning of the statute to have standing in Chancery Court. *See Tennessee Dep't of Health v. Odle*, No. 01A01-9207-CH-00267, 1993 WL 21976, at *4 (Tenn. Ct. App. Feb. 3, 1993). Moreover, the Division and the Department are independent of the Board because they are superior agencies. *See id.* Therefore, although the statute precludes the Board from challenging its own decision, the Division and the Department have standing, and the State Petitioners are aggrieved parties under Tenn. Code Ann. § 4-5-322(a)(2). *See id.*

The Davidson County Court further determined that certain procedural errors, including the introduction of extrinsic prejudicial information, had constituted an abuse of discretion and accordingly reversed the Board's decision and remanded for a new contested hearing to be heard by a different panel of the Board. Ms. Collins appealed to this Court, and this Court affirmed the Davidson County Court in *Collins I*, although the issue of standing was not explicitly raised by Ms. Collins or addressed by this Court.

On remand, the new panel of the Board conducted a contested hearing on several dates in January and February 2022. The Board entered a "Final Order" on March 2, 2022 ("March 2022 Order"). The Board found that Ms. Collins's treatment of certain patients was below the standard of care due to her over-prescription of controlled substances which it deemed had been "dangerous to the health of her patients and promoted a culture of addiction and possible diversion of controlled substances." The Board consequently found that Ms. Collins was "unfit or incompetent by reason of negligence, habits or other cause" in violation of Tenn. Code Ann. § 63-7-115(a)(1)(C); "guilty of unprofessional conduct" in violation of Tenn. Code Ann. § 63-7-115(a)(1)(F); guilty of over-prescribing, or prescribing in a manner inconsistent with Rules 1000-04-.08 and 1000-04-.09 in violation of Tenn. Comp. R. & Regs. 1000-01.13(1)(t); guilty of violating the guidelines for the treatment of pain in violation of Tenn. Comp. R. & Regs. 1000-04-.08; and guilty of violating the prerequisites for APRNs who prescribe medication in violation of Tenn. Comp. R. & Regs. 1000-04-.09.

The Board further stated:

> The Tennessee Board of Nursing has a duty to protect the health, safety, and welfare of the citizens of Tennessee. In supporting Tennessee Department of Health's ongoing battle against prescription drug abuse and overprescribing, the Board believes this action is necessary due to Respondent's haphazard and unprofessional prescribing practices. Respondent's actions constitute a serious danger to the public's health, safety and welfare.

The Board accordingly revoked her APRN license and voided her "multistate privilege," although it permitted her to continue to practice as an RN in Tennessee. The March 2022 Order provided that Ms. Collins could not apply for a new APRN certificate before the expiration of a one-year time period from the date of the order. It further provided that in the event Ms. Collins is granted a new APRN certificate in the future, Ms. Collins's APRN certificate would be restricted to prohibit her from prescribing controlled substances. Ms. Collins was ordered to pay eleven "type B civil penalties" of $500.00 each, one for each of the eleven patients involved in the action, for a total of $5,500.00. She also was ordered to pay the actual and reasonable costs of prosecuting the case, not to exceed $100,000.00. The March 2022 Order further stated that Ms. Collins had sixty days after the effective date of the order to file a petition for judicial review.

On March 17, 2022, Ms. Collins filed a timely petition for reconsideration, which the Board subsequently denied. On May 3, 2022, Ms. Collins filed a petition for judicial review in the Trial Court. Therein, Ms. Collins stated that she sought judicial review of the "Final Order of the Board, filed March 2, 2022, with the Administrative Procedures Division." Ms. Collins noted that the March 2022 Order "did not contain a statement that it is deemed entered upon the date that it is filed with the Administrative Procedures

- 4 -

Division and contained no effective date." She indicated that she was seeking review of "certain errors by the Administrative Law Judge," and she raised several issues in her petition. Ms. Collins also filed a separate request for a stay of the March 2022 Order pending resolution of her petition.

The Department filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Tennessee Rule of Civil Procedure 12.02(1). The Department argued that the Trial Court lacked subject matter jurisdiction because Ms. Collins had filed her petition "outside the mandatory and jurisdictional 60-day statute of limitations." The Department cited Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv) (West May 18, 2021 to current), which provides: "Petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon." Ms. Collins filed her petition sixty-two days after March 2, 2022.

The Department also contended that the Board's final order fulfilled all statutory requirements for entry of a final order. The Department cited Tenn. Code Ann. § 4-5-318(b) for the proposition that an "initial or final order shall not be deemed entered until the initial or final order has been filed with the administrative procedures division." The Department noted that the Board's final order provided in its Certificate of Filing, "*Filed in the Administrative Procedures Division, Office of the Secretary of State, this the 2 day of March 2022. [signed] Stephanie Shackelford, Director, Administrative Procedures Division.*" The Department continued to explain:

> In an apparent attempt to explain her failure to timely file her petition for judicial review, Ms. Collins claims in her petition that the March 2, 2022, Final Order "did not contain a statement that it is deemed entered upon the date that it is filed with the Administrative Procedures Division and contained no effective date," citing Tenn. Comp. R. & Regs. 1340-04-04-01-.19. Petition, p. 1. But in fact, the Order plainly contained a filing date, signed by the Administrative Procedures Division Director, of March 2, 2022, and a filing/entry date is all the statutes require. As is explained above, Tenn. Code Ann. § 4-5-322(b)([1])(A)(iv) requires that petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order, while Tenn. Code Ann. § 4-5-318(b) provides that the initial or final order shall not be deemed entered until the initial or final order **has been filed with the administrative procedures division**." *Id.* (emphasis added). The March 2, 2022, Final Order was filed/entered on the date stated on the Certificate of Filing on March 2, 2022. And, pursuant to § 4-5-318, the Certificate of Filing memorializes the fact of such filing on that date. That is the extent of the filing requirements contained in the applicable statutes.

- 5 -

Thus, the effective date of the Order and the filing/entry date of the Order are contained in the Order itself, and the Order meets both the statutory and regulatory requirements.

In support, the Department attached *Collins I* and the March 2022 Order to its motion.

Ms. Collins filed a response to the Department's motion to dismiss. Ms. Collins contended that the March 2022 Order did not become final until April 22, 2022, providing her until June 21, 2022 to file her petition for judicial review. In so arguing, Ms. Collins first noted that the Department was a "superior adjudicative agency to the Board," as determined by the Davidson County Court, and therefore the Department maintained the authority to review the orders of the Board pursuant to Tenn. Code Ann. § 4-5-315. She further contended:

> The Board filed its initial order from February 28, 2022 with the Administrative Procedures Division of the Office of the Secretary of State, on March 2, 2022. Tenn. Code Ann. § 4-5-318(f)(3) provides that an initial order "become[s] a final order in accordance with § 4-5-314 . . . [f]ifteen (15) days after entry of the initial order, if no party has filed a petition for appeal and the agency has not given written notice of its intention to exercise review." Tenn. Code Ann. § 4-5-315, entitled "Review of initial order", however, states in part pertinent: "The fifteen-day period for a party to file a petition for appeal or for the agency to give notice of its intention to review an initial order on the agency's own motion shall be tolled by the submission of a timely petition for reconsideration of the initial order pursuant to § 4-5-317, and a new fifteen-day period shall start to run upon disposition of the petition for reconsideration." Tenn. Code Ann. § 4-5-315(b). Tenn. Code Ann. § 4-5-317(a), in turn, provides that "[a]ny party, within fifteen (15) days after entry of an initial order or final order, may file a petition for reconsideration, stating the specific grounds upon which relief is requested."

> Based on the date of filing, the Order would not become a final order until March 17, 2022, fifteen days after it was entered, pursuant to Tenn. Code Ann. § 4-5-318(f). However, on March 17, 2022, Ms. Collins filed a timely petition for reconsideration with the Board, seeking to have the Board address several issues, including orders by the administrative law judge prohibiting the Board from considering relevant judicial determinations of the chancery court on judicial review regarding the Board's and Department's rights under the law. According to statute, the fifteen (15) day period to review an initial order is tolled by the timely filing of a petition for reconsideration until disposition of the petition has taken place. Tenn. Code Ann. § 4-5-315(b). The Board filed an order

- 6 -

denying Ms. Collins['s] petition for reconsideration, on or about, April 7, 2022. The fifteen (15) day period began anew, and the Order of the Board became effective as a final order on April 22, 2022.

Upon the Order becoming effective as a final order, the time for seeking judicial review began to run. Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv) provides, "Petitions seeking judicial review shall be filed within sixty (60) days after entry of the agency's final order thereon." The time for filing a petition seeking judicial review in this case will expire on June 21, 2022. Ms. Collins' petition seeking judicial review was timely filed on May 3, 2022.

The Department filed a reply to Ms. Collins's response. First, the Department noted that Ms. Collins had already conceded that the March 2022 Order was a final order, quoting her petition for judicial review in which she requested "judicial review of the Final Order of the Board filed March 2, 2022" and petition for reconsideration in which she requested "reconsideration of this panel's March 2, 2022 final order." The Department further contended that Ms. Collins's argument failed given that she had misconstrued the difference between an "initial order" and a "final order." According to the Department, the March 2022 Order was a final order because it was entered by the Board rather than an ALJ. Therefore, the Department argued that Ms. Collins's reliance on Tenn. Code Ann. §§ 4-5-315(b) and -318(f) was misplaced in that these statutory provisions pertained to initial orders rather than final orders.[1]

After conducting a hearing on August 4, 2022, the Trial Court entered a "Memorandum Opinion and Order" granting the Department's motion to dismiss on September 23, 2022. First, the Trial Court agreed with the Department that the sixty-day period in which to file a petition for judicial review was mandatory and that it had no discretion to extend the deadline. Second, the Trial Court considered Ms. Collins's argument that her filing of the petition on May 3, 2022, was timely and that the sixty-day time limit did not begin to run until April 22, 2022, due to the fifteen-day period purportedly provided for the Department to exercise its right to review the Board's decision as well as the tolling of the deadline by virtue of her motion for reconsideration. In looking at Tenn. Code Ann. §§ 4-5-315(b) and -318(f), the Trial Court emphasized that these provisions applied only to initial orders rather than final ones.

---

[1] The Department also argued, in the alternative, that the Trial Court should transfer the case to the Davidson County Court to the extent that Ms. Collins sought to "further litigate and construe the meaning and effect of the Davidson County Chancery Court's September 10, 2019 Amended Memorandum and Final Order that was affirmed by the Tennessee Court of Appeals at Nashville." In so arguing, the Department noted that the Tennessee Supreme court had rejected Ms. Collins' Rule 11 application for permission to appeal *Collins I.*

The Trial Court also agreed with the Department that there was a significant distinction between initial orders and final orders. The Trial Court explained that if an ALJ conducts a hearing alone, then the ALJ renders an "initial order," which would become final after fifteen days unless reviewed by the agency pursuant to § 4-5-315(b). Conversely, the Trial Court explained that a final order is rendered if the case is decided by an agency, board, or commission. In Ms. Collins's case, the Board decided her case. Therefore, the Trial Court determined that the Board's March 2022 Order was a final order, not subject to the statutes that provided a fifteen-day period for review or the tolling provision triggered by the filing of a motion for reconsideration.

Next, the Trial Court noted that the March 2022 Order contained a Certificate of Filing from the Administrative Procedures Division of the Secretary of State showing a date of March 2, 2022. Determining that sixty days from March 2 was May 1, the Trial Court concluded that Ms. Collins's May 3 petition was untimely filed and accordingly dismissed her petition for lack of subject matter jurisdiction. Ms. Collins thereafter filed a notice of appeal.

A day after filing her notice of appeal, Ms. Collins filed a motion to reconsider, alter, or amend the Trial Court's order granting the Department's motion to dismiss. Ms. Collins first noted that page three of the Trial Court's order appeared to be a page from a different order addressing a different case. Ms. Collins further argued that either the Davidson County Court had incorrectly decided that the Department was superior and independent to the Board and accordingly had standing to seek judicial review of the Board's 2018 Order, or the Trial Court incorrectly determined that the March 2022 Order was a final order in that "the Board would lack the authority to bind the Department." In sum, Ms. Collins argued that either the Davidson County Court incorrectly determined that the Department was an independent and superior agency, or the Trial Court incorrectly determined that the March 2022 Order had become a final order prior to the expiration of the Department's purported fifteen-day period in which to review the order. She stated in pertinent part:

> If this Court maintains its current opinion that the Board is granted statutory authority to issue a final order with no review by a superior agency, Ms. Collins[] request[s] this Court [to] vacate the prior [Davidson County Court] order entered in this case from the judicial review as well as the orders that followed it as such orders were without legal authority and in direct contradiction [ ] to the statutory framework created by our state legislat[ors]. Alternatively, if this Court adopts the prior Chancery Court's opinion that the Department and Division are superior to the Board, we ask the court to remand the case to the appropriate administrative agency to obtain confirmation that the Department agrees to be bound by the findings of its subordinate agency (i.e. the Board).

On October 25, 2022, the Trial Court entered an order correcting page three of its dismissal order, but the Court did not address Ms. Collins's motion to reconsider, alter, or amend.

In February 2023, this Court entered an order staying Ms. Collins's appeal and remanding the case to the Trial Court for it to rule on Ms. Collins's motion to reconsider, alter, or amend. The Trial Court held a hearing and entered an order addressing Ms. Collins's motion to reconsider, alter, or amend its final order. In considering her motion, the Trial Court noted:

> [R]ather than addressing the Petition's untimely filing, the Motion argues that the Court should vacate a prior decision of the Davidson County Chancery Court filed in September 2019. *See, e.g.*, Motion at 4 ("Ms. Collins' [*sic*] requests this Court vacate the prior [Davidson County Chancery Court] order entered in this case."); Memorandum at 2 ("We, therefore request this Court . . . to vacate the decision of the [Davidson County] Chancery Court."); *id.* at 14 ("[T]his Court must vacate the Chancery Court's ruling."). Such relief falls well outside the scope of the Motion to Dismiss or any arguments Ms. Collins raised in opposition to the Motion to Dismiss. Furthermore, this Court notes that the Davidson County Chancery Court's order was affirmed by, and any questions of jurisdiction necessarily resolved by, the Tennessee Court of Appeals. *See* Tenn. R. App. P. 13(b)[.][2]

The Trial Court denied Ms. Collins's motion to reconsider, alter, or amend.

## Discussion

Although not stated exactly as such, Ms. Collins has presented four issues, which we have consolidated into one dispositive issue: whether the Trial Court erred by finding that Ms. Collins's petition for review was untimely, consequently rendering the Court without subject matter jurisdiction to consider the merits of her petition. Ms. Collins

---

[2] Although Ms. Collins did not raise the Department's standing to seek judicial review of the Board's 2018 Order as an issue in *Collins I*, the Trial Court concluded that the *Collins I* Court must have necessarily and implicitly determined that the Davidson County Court had jurisdiction to hear the Department's petition by the fact that it adjudicated the merits of Ms. Collins's appeal and affirmed the Davidson County Court. The Trial Court cited Tenn. R. App. P 13(b), which provides: "Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ." Likewise, on appeal, Ms. Collins states that she presumes the *Collins I* Court's "silence" on this issue was an "implicit adoption of the Davidson County Chancery Court's ruling on the subject," also citing Tenn. R. App. P. 13(b).

- 9 -

presents two primary arguments: (1) that this Court should reconsider the Davidson County Court's order finding that the Department had standing to seek judicial review, and by extension this Court's affirmation of the Davidson County Court in *Collins I*, and alternatively, (2) that the law of the case that the Department constituted an aggrieved party with standing to seek judicial review, as established in the Davidson County Court order, should have resulted in an extended deadline for her to file a petition for judicial review.

The Tennessee Supreme Court has previously explained the relevant standard of review for dismissals based upon Tennessee Rule of Civil Procedure 12.02(1) as follows:

> Tennessee Rule of Civil Procedure 12.02(1) governs a motion to dismiss for lack of subject matter jurisdiction. Subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Cas. Co. v. Sloan*, 180 Tenn. 220, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction depends on the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by the constitution or a legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Where subject matter jurisdiction is challenged under Rule 12.02(1), the party asserting that subject matter jurisdiction exists . . . has the burden of proof. *See Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) (citing *Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

*Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

To the extent our consideration of Ms. Collins's arguments involve statutory interpretation, we note that our Supreme Court has provided the following standard of review:

> Issues of statutory construction present questions of law that we review de novo with no presumption of correctness. *Martin v. Powers*, 505 S.W.3d 512, 518 (Tenn. 2016). The primary goal of statutory interpretation is to carry out legislative intent without expanding or restricting the intended scope of the statute. *State v. Smith*, 484 S.W.3d 393, 403 (Tenn. 2016) (citations omitted). In determining legislative intent, we first must look to the text of the statute and give the words of the statute "their natural and

- 10 -

ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012) (citations omitted). When a statute's language is clear and unambiguous, we enforce the statute as written; we need not consider other sources of information. *Frazier v. State*, 495 S.W.3d 246, 249 (Tenn. 2016). We apply the plain meaning of a statute's words in normal and accepted usage without a forced interpretation. *Baker v. State*, 417 S.W.3d 428, 433 (Tenn. 2013). We do not alter or amend statutes or substitute our policy judgment for that of the Legislature. *Armbrister v. Armbrister*, 414 S.W.3d 685, 704 (Tenn. 2013).

*Coleman v. Olson*, 551 S.W.3d 686, 694 (Tenn. 2018).

In this case, the proceedings below were governed by the Uniform Administrative Procedures Act ("UAPA"). *See Collins*, 2020 WL 6940702, at *5 ("Judicial review of decisions by administrative agencies following contested case hearings is governed by the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-322(a)(1)."). Under the UAPA, a person "aggrieved by a final decision in a contested case is entitled to judicial review" and has sixty days to file a petition seeking judicial review after the entry of the agency's final order. *See* Tenn. Code Ann. § 4-5-322(a)(1) & (b)(1)(A)(iv). If the aggrieved person fails to file his or her petition for judicial review within the sixty-day period, the reviewing court will not have subject matter jurisdiction to review or adjudicate the merits of the case. *See Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 776 (Tenn. 1999) ("The sixty-day time limitation upon filing of the petition is jurisdictional."); *Davis v. Tenn. Dep't of Emp. Sec.*, 23 S.W.3d 304, 307-08 (Tenn. Ct. App. 1999) ("A party's failure to file a petition for review on or before the statutory deadline prevents the courts from exercising their jurisdiction to review the agency's decision."). Furthermore, the filing of a petition for reconsideration does not toll the sixty-day time limitation. *See* Tenn. Code Ann. § 4-5-322(b)(2) (West May 18, 2021 to current) ("The time for filing a petition for review in a court as provided in this chapter shall not be extended because of the period of time allotted for filing with the agency a petition for reconsideration."); Tenn. Code Ann. § 4-5-317(e) (West July 1, 2022 to current) ("The sixty-day period for a party to file a petition for review of a final order shall be tolled by granting the petition and setting the matter for further proceedings . . . .") (emphasis added).

The Board filed its "Final Order" with the Administrative Procedures Division, Office of the Secretary of State, on March 2, 2022. Sixty days from March 2, 2022, was Sunday, May 1, 2022. Given that the sixty-day deadline concluded on a Sunday, Ms. Collins had until Monday, May 2, 2022, to file her petition for judicial review. *See* Tenn. R. Civ. P. 6.01 ("In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute . . . The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday . . ."). However, it

is undisputed that Ms. Collins did not file her petition until May 3, 2022. As the Department points out in its appellate brief, this Court has previously affirmed a trial court's dismissal of a petition for judicial review that was filed on the sixty-first day. *See Kolasinski v. Tenn. Dep't of Safety & Homeland Sec.*, No. M2014-02487-COA-R3-CV, 2015 WL 9594544, at *1 (Tenn. Ct. App. Dec. 30, 2015).

Ms. Collins does not deny that she filed her petition more than sixty days after the Board entered its "Final Order," but rather, she primarily argues that this Court should revisit the Davidson County Court's order, and by extension, this Court's affirmation of that order in *Collins I*. The Davidson County Court found that the Department had standing to seek judicial review of the Board's decision, and although this issue was not specifically before this Court in *Collins I*, given that the Court decided the appeal based on the merits in favor of the Department, it must have necessarily affirmed the Davidson County Court's conclusion that the Department had standing to seek review under Tenn. Code Ann. § 4-5-322(a). Our High Court has previously explained:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication.

*Memphis Publ'g. Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted). We accordingly decline to review or revisit our decision in *Collins I* and instead focus our attention to the only issue properly before us: whether the Trial Court lacked subject matter jurisdiction.

Ms. Collins's alternative argument also focuses on the Davidson County Court's order. Ms. Collins contends that if the Davidson County Court's finding that the Department had standing to seek judicial review of the Board's decision is the law of the case, then the Trial Court failed to apply this principle in addressing the Department's motion to dismiss. According to Ms. Collins, if the Trial Court had correctly extended the reasoning of the Davidson County Court's decision, then the Department, as a "superior adjudicative agency," would have had the authority to review the Board's March 2022 Order, thereby extending the sixty-day time limitation. Ms. Collins posits:

> The law of the case establishing the Department as a superior agency must be given effect and cannot be disregarded by the trial court and parties by asserting that the law of the case conflicts with existing statutes.
>
> Under Tenn. Code Ann. § 4-5-314(a) "An agency with statutory authority to decide a contested case shall render a final order." The

- 12 -

Davidson County Chancery Court determined, "the Division and the Department are independent of the Board because they are superior agencies." TR 228, 8 (citing *Tennessee Dep't of Health v. Odle*, No. 01A01-9207-CH-00267, 1993 WL 21976, at *4 (Tenn. Ct. App. Feb. 3, 1993) (citing *East Tennessee Health Improvement Council, Inc. v. Tennessee Health Facilities Commission*, 626 S.W.2d 272, 274 (Tenn. App. 1981))). In Tennessee, a superior adjudicative agency has the authority to review the orders of its subordinate agency. Based on the Department's status in this case as superior to the Board, the Department has the right to review the order of the Board prior to it becoming final. The Board does not have the authority to modify or revise the findings made by the court on appeal. *Freemon Indus. LLC v. Eastmon Chem. Co.*, 277 S.W.3d 561, 567 (Tenn. Ct. App. 2006). Therefore, the effect of the law of the case is the Department, not the Board, is the agency with the ultimate authority to decide a contested case and render a final order.

(Paragraph numbering omitted.)

Ms. Collins argues that the Board's March 2022 Order was an "initial" order pursuant to Tenn. Code Ann. §§ 4-5-315(b) and -318(f). Tenn. Code Ann. § 4-5-318(f) (West July 1, 2022 to current) provides:

Unless a later date is stated in an initial order or a stay is granted, the time when an initial order becomes a final order in accordance with § 4-5-314 shall be as follows:

(1) When the initial order is entered, if administrative review is unavailable;

(2) When the agency enters an order stating, after a petition for appeal has been filed, that review will not be exercised, if discretion is available to make a determination to this effect; or

(3) Fifteen (15) days after entry of the initial order, if no party has filed a petition for appeal and the agency has not given written notice of its intention to exercise review.

Tenn. Code Ann. § 4-5-315(b) provides, in part:

A petition for appeal from an initial order shall be filed with the agency, or with any person designated for such purpose by rule of the agency, within fifteen (15) days after entry of the initial order. If the agency on its own motion decides to review an initial order, the agency shall give written notice of its intention to review the initial order within fifteen (15) days

- 13 -

after its entry. The fifteen-day period for a party to file a petition for appeal or for the agency to give notice of its intention to review an initial order on the agency's own motion shall be tolled by the submission of a timely petition for reconsideration of the initial order pursuant to § 4-5-317, and a new fifteen-day period shall start to run upon disposition of the petition for reconsideration.

She accordingly argues that the Board's March 2022 Order was an initial order that would not become a final order until a fifteen-day period after entry, purportedly provided to allow the Department, as a "superior adjudicative agency," to determine whether to exercise review of the Board's decision. She further argues that because she filed a petition to reconsider pursuant to Tenn. Code Ann. § 4-5-315(b) within the fifteen-day period, the fifteen-day period was tolled until April 7, 2022, when the Board denied her petition to reconsider. After April 7, 2022, the fifteen-day period started anew, rendering the Board's 2022 Order "final" on April 22, 2022, rather than March 2, 2022. Insofar as the sixty-day timeframe should have been based upon April 22, Ms. Collins contends that the May 3 filing of her petition was timely. Upon our review of the relevant statutes, we conclude that her argument is unavailing.

The Board's March 2022 Order was a final order, rather than an initial order. Tenn. Code Ann. § 4-5-314(b) (West July 1, 2022 to current) provides: "If an administrative judge or hearing officer hears a case alone under § 4-5-301(a)(2), the administrative judge or hearing officer shall render an initial order, which shall become a final order unless reviewed in accordance with § 4-5-315." An "initial" order, therefore, is an order entered by an ALJ that may, in accordance with Tenn. Code Ann. § 4-5-315, be reviewed by the agency within fifteen days after its entry. Here, the March 2022 Order was not entered by an ALJ but rather the Board, an agency "with statutory authority to decide" contested cases. *See* Tenn. Code Ann. § 4-5-314(a) (West July 1, 2022 to current) ("An agency with statutory authority to decide a contested case shall render a final order."); *Johnson v. Tenn. Bd. of Nursing*, No. M2005-02129-COA-R3-CV, 2007 WL 624353, at *1 (Tenn. Ct. App. Feb. 28, 2007) ("The Board is authorized by Tenn. Code Ann. § 63-7-115 to discipline individuals licensed to practice nursing in accordance with the Administrative Procedure Act, Tenn. Code Ann. § 4-5-301 *et seq*.").

This Court has previously elaborated upon two different procedures to address contested administrative cases, explaining:

The Uniform Administrative Procedures Act affords state agencies two procedures for deciding contested cases. First, the agency, board, or commission may hear and decide the case itself. *See* Tenn. Code Ann. § 4-5-314(a) (1998). Second, the agency, board, or commission may decide to request an administrative law judge or hearing officer to conduct the hearing and then render an "initial order" that may, in turn, be affirmed or

- 14 -

modified by the agency, board, or commission on its own motion or at the request of one of the parties. *See* Tenn. Code Ann. § 4-5-314(b). These initial orders cannot become final until ten days after they are entered. *See* Tenn. Code Ann. § 4-5-318(f)(3) (1998).

*Davis*, 23 S.W.3d at 308; *see also Lee, ex rel. Lee v. Tenn. Dep't of Fin. & Admin.*, No. M2008-02029-COA-R3-CV, 2009 WL 2214023, at *2 (Tenn. Ct. App. July 24, 2009) ("If the case is heard by members of an agency, then that panel renders a final order. Tenn. Code Ann. § 4-5-314(a). 'If an [ALJ] . . . hears a case alone . . ., the [ALJ] . . . shall render an initial order,' Tenn. Code Ann. § 4-5-314(b)[.]") (internal citations omitted).

This Court previously explained this process when the Board of Electrolysis authorized an ALJ to hear the contested case alone:

> After the ten-day period[3] for filing a petition for review or reconsideration expired, the ALJ's final order became the final order of the Board. T.C.A. § 4-5-301(2) authorizes an ALJ to hear a contested case sitting alone. The determination of whether an ALJ will hear a case rests solely with the agency. T.C.A. § 4-5-302(c). The ALJ therefore acts on behalf of the agency, and, the ALJ's initial order, if not reviewed and revised, becomes the final order of the agency. *See* T.C.A. § 4-5-318(f)(3).

*Tenn. Dep't of Health, Div. of Health Related Boards v. Odle*, No. 01A01-9207-CH-00267, 1993 WL 21976, at *3 (Tenn. Ct. App. Feb. 3, 1993). Although it appears that the Board utilized an ALJ to preside over the hearing, it is clear that the Board ultimately adjudicated Ms. Collins's case and rendered a final decision against her. The Board's March 2022 Order is signed by the "Chairperson/Acting Chairperson" of the Board. We accordingly find that the Board's March 2022 Order is in fact the final order at issue.

Ms. Collins also presents arguments related to the sufficiency of the March 2022 Order. She argues that the Board failed to set forth in its order the procedures for the Department to fulfill its right to review the Board's decision and failed to include the entry and effective date of the order in contravention of Tenn. Code Ann. §§ 4-5-314(c), -318(a). Tenn. Code Ann. § 4-5-314(c) (West July 1, 2022 to current) provides, in pertinent part: "The final order, initial order or decision must also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order." The March 2022 Order provides these instructions in compliance with the statute.

---

[3] The time limitation for an agency to review an initial order is now fifteen days rather than ten days. Tenn. Code Ann. § 4-5-315(a).

Although the order does not contain instructions for the Department to review the Board's decision, as Ms. Collins contends it should have, we have already concluded that Ms. Collins has misconstrued §§ 4-5-315(b) and -318(f) and that the order before us was a *final* order, not subject to review by the Department. We therefore discern no error in the Board's instructions for seeking reconsideration and judicial review.

Regarding Ms. Collins's argument regarding the entry date of the March 2022 Order, Tenn. Code Ann. § 4-5-318(a) provides, in pertinent part: "All initial and final orders shall state when the order is entered and effective." The March 2022 Order provides that it was "Filed in the Administrative Procedures Division, Office of the Secretary of State, this the 2 day of March 2022." Furthermore, Tenn. Code Ann. § 4-5-318(b) (West July 1, 2022 to current) provides: "If the agency has utilized an administrative judge from the administrative procedures division of the office of the secretary of state, the initial or final order shall not be deemed entered until the initial or final order has been filed with the administrative procedures division." (Emphasis added.) We conclude that the Certificate of Filing statement provided Ms. Collins sufficient notice of the date of entry, *see* Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv) ("Petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon.") (emphasis added), by which she could calculate the sixty-day deadline to file her petition. In fact, the record demonstrates that Ms. Collins had actual knowledge that March 2, 2022, was the entry date of the Board's final order. In her timely filed petition for reconsideration, Ms. Collins stated that she "petitions [the Board] for reconsideration of this panel's March 2, 2022 final order." We therefore conclude that Ms. Collins's argument is meritless.

Given that Ms. Collins filed her petition for judicial review one day after the conclusion of the sixty-day time limitation, we conclude that the Trial Court correctly determined that it lacked subject matter jurisdiction and properly granted the Department's motion to dismiss.

## Conclusion

The Trial Court's final judgment granting the Department's motion to dismiss pursuant to Rule 12.02(1) is affirmed, and this cause is remanded to the Trial Court for the collection of costs below. Costs on appeal are taxed to the appellant, Christina K. Collins, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE